UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

KENNETH COLEMAN,

Plaintiff,

v.

BRADY THOMAS, et al.,

Defendants.

CAUSE NO. 1:25-CV-411-GSL-AZ

OPINION AND ORDER

Kenneth Coleman, a prisoner without a lawyer, filed an amended complaint[1] against three defendants: Sheriff Brady Thomas, Lt. Zack Shifflet, and Captain Joshua Carpenter. ECF 6. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

---

[1] Coleman filed an amended complaint on May 23, 2025 (ECF 5), received by the clerk's office on September 11, 2025, and another amended complaint on July 25, 2025 (ECF 6), received by the clerk's office on September 30, 2025. "[W]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward [b]ecause a plaintiff's new complaint wipes away prior pleadings." *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999). Therefore, the complaint dated July 25, 2025 (ECF 6) is the operative complaint.

Coleman alleges that, while he was incarcerated at the DeKalb County Jail, he was housed in either the maximum security or disciplinary block. Because he was housed in these units, he was not permitted to attend Gideons church services. He alleges that it is discriminatory to deny him the ability to attend church services like inmates housed in lesser security blocks. He claims each of the defendants violated his First Amendment right to freedom of religion and his Fourteenth Amendment right to due process.

These sparse allegations are too vague to state a constitutional claim. "The Free Exercise Clause [of the First Amendment] prohibits the state from imposing a substantial burden on a central religious belief or practice." *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013) (internal citation and quotation marks omitted). "A substantial burden puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Thompson v. Holm*, 809 F.3d 376, 379-80 (7th Cir. 2016) (brackets, internal quotation marks, and citation omitted).[2] Nevertheless, correctional officials may restrict the exercise of religion if the restrictions are reasonably related to legitimate penological objectives, which include safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). Additionally, the Supreme Court has long established "the general proposition that a law that is neutral and of general applicability need not be justified by a compelling governmental interest even if the law has the incidental effect of burdening a particular religious practice." *Church of the Lukumi Babalu Aye, Inc. v. City of*

---

[2] "De minimis burdens" on the free exercise of religion are not actionable. *Rapier v. Harris*, 172 F.3d 999, 1006 n.4 (7th Cir. 1999).

*Hialeah*, 508 U.S. 520, 531 (1993). Here, Coleman complains about a rule that is generally applicable and justified by legitimate safety and security concerns. Furthermore, Coleman seeks monetary damages against Sheriff Brady Thomas, Lt. Zack Shifflet, and Captain Joshua Carpenter, but he doesn't explain how these individuals were personally involved in preventing him from attending Gideon's services or otherwise practicing his religion. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) (stating that "[f]or a defendant to be liable under section 1983, she must be personally responsible for the alleged deprivation of the plaintiff's constitutional rights").

A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be

3

redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Coleman's allegations fall short of what is required.

Coleman's amended complaint does not state a claim for which relief can be granted. If Coleman believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form. He needs to explain when, where, why, and how each defendant violated his rights. He needs to include every fact necessary to explain his case and describe his injuries or damages. He needs to use each defendant's name every time he refers to that defendant.

For these reasons, the court:

(1) GRANTS Kenneth Coleman until **June 1, 2026**, to file an amended complaint; and

(2) CAUTIONS Kenneth Coleman that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state any claims for which relief can be granted.

4

SO ORDERED on May 11, 2026

/s/ Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT